IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HALL STREET ASSOCIATES, L.L.C., )
a Washington limited liability company, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff, 　　　　　　　　) 　　Civil No. 00-355-JO
　　　　　　　　　　　　　　　　　　　　　)
　　　　v. 　　　　　　　　　　　　　　　　) 　　<u>OPINION AND ORDER</u>
　　　　　　　　　　　　　　　　　　　　　)
MATTEL INC., a Delaware corporation; ET AL., )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants. 　　　　　　　　)

　　　Michael A. Cohen
　　　James M. Finn
　　　SCHWABE WILLIAMSON & WYATT, PC
　　　1600-1900 Pacwest Center
　　　1211 S.W. Fifth Avenue
　　　Portland, OR  97204

　　　Edwin C. Perry
　　　TONKON TORP LLP
　　　888 S.W. Fifth Avenue, Suite 1600
　　　Portland, OR  97204-2099

　　　　Attorneys for Plaintiff

Shirley M. Hufstedler
Peter Hsiao
MORRISON & FOERSTER, LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA  90013

Marc D. Blackman
RANSOM BLACKMAN, LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, OR  97204

   Attorneys for Defendants

JONES, Judge:

After more than six years of legal proceedings, including two Ninth Circuit appeals, this protracted litigation at last is ready for closure. The case is before me on defendant Mattel, Inc.'s motion (# 182) for attorney fees, costs and expenses as provided by Section 24 of the Lease Agreement between plaintiff Hall Street and Mattel, and the Ninth Circuit's August 1, 2006, Opinion. For the reasons stated, Mattel's motion is granted in the amounts set forth below.

## DISCUSSION

Plaintiff does not challenge certain of Mattel's claims. Specifically, plaintiff does not object to Mattel's claim for the attorney fees, costs, and expenses originally awarded in the arbitrator's January 29, 2002, Findings and Conclusions and the amount this Court ordered Mattel to pay for clean up of the subject site. Consequently, I grant Mattel's motion with respect to those amounts as claimed, and award Mattel $441,545.58 for attorney fees, costs and expenses incurred from December 30, 1999, through January 11, 2002, and $133,000 to reimburse Mattel for the clean up costs it paid to the Department of Environmental Quality to satisfy plaintiff's obligation.

A.   <u>Attorney Fees</u>

2 - OPINION AND ORDER

Mattel seeks an award totaling $910,254.25 in attorney fees, costs, and expenses incurred after the original arbitration award, from January 12, 2002, to December 21, 2006. This sum includes $36,023.50 in fees and $4,054.44 in costs for services rendered by Ransom Blackman LLP, and $824,540 in fees and $45,636.23 in costs for services rendered by Morrison & Foerster LLP. Plaintiff has not objected to Mattel's claim for costs or to the *number of hours* of attorney time claimed. Plaintiff does, however, challenge the *hourly rates* proposed for Morrison & Foerster attorneys, which are substantially higher than prevailing rates in Portland, Oregon, as unreasonable, and also proposes a reduced hourly rate for Marc Blackman.

There is a strong presumption that the "lodestar" - the number of hours reasonably expended multiplied by a reasonable hourly rate - represents a reasonable fee, and the party advocating a departure from that amount bears the burden of establishing that an adjustment is necessary. City of Burlington v. Dague, 505 U.S. 557, 561 (1992). As stated, plaintiff does not challenge the number of hours of attorney time claimed, and based on my review of the billing records, I find the total hours claimed by both law firms to be reasonable (with one exception, discussed below), especially in view of the number of arbitrations, appeals, and district court proceedings required for final resolution of this dispute.

With respect to the hourly rates, as a general proposition, a "reasonable hourly rate" is "'the prevailing market rates in the relevant community, * * * which typically is the community in which the district court sits.'" Schwarz v. Secretary of Health & Human, 73 F.3d 895, 906 (9th Cir. 1995)(citations omitted). The burden is on the requesting party to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S.

3 - OPINION AND ORDER

886, 895 n.11 (1984). In this case, the relevant community is Portland, Oregon, but the majority of Mattel's fee request is for work performed by its Los Angeles, California counsel, Morrison & Foerster, at rates varying from a low of $215 per hour (2002 associate rate) to a high of $700 per hour (2006 partner rate). Mattel acknowledges that the requested rates are higher than the rates set forth in the Oregon State Bar ("OSB") Economic Survey,[1] but offers as justification for the high California hourly rates that "Morrison & Foerster is a national, California-based law firm" and "Mattel's attorneys have expertise in technical environmental issues." Declaration of Peter Hsiao, ¶ 13.

The Ninth Circuit has embraced a "narrow exception" to the "relevant community" rule. Under that exception, it is within this court's discretion to award fees based on out-of-forum rates where the requesting party demonstrates that local counsel was unavailable "'either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" Schwarz, 73 F.3d at 907 (quoting Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1993)). Mattel has not submitted any evidence or factual basis to support application of the narrow exception to the "relevant community" rule in this case. That Morrison & Foerster is a "national" law firm with expertise in technical environmental issues does not establish, without more, that local counsel was unwilling or unable to "handle properly the case." Id. Consequently, I decline to award fees based on out-of-forum rates.

---

[1] This court uses the Oregon State Bar Economic Survey as its benchmark for determining a reasonable hourly rate. See Message from the Court Regarding Attorney Fee Petitions, available at: http://www.ord.uscourts.gov.

Plaintiff has supplied the court with a chart showing, by attorney and based upon years of experience, the hourly rates claimed and the corresponding OSB benchmark rates. Plaintiff's calculations include increases based upon average inflation rates for the years after 2002, when the OSB Survey was completed, through 2006. See Plaintiff's Opposition, p. 4 and p. 4 n.1. Summarized, the chart shows the following:

| Attorney | Year | Rate Requested | Benchmark |
| --- | --- | --- | --- |
| Peter Hsaio[2] | 2002 | $370 | $213 |
|  | 2003 | $400 | $217 |
|  | 2004 | $425 | $224 |
|  | 2005 | $475 | $232 |
|  | 2006 | $560 | $240 |
| Shirley Hufstedtler[3] | 2003 | $625 | $230 |
|  | 2004 | $635 | $238 |
|  | 2005 | $650 | $246 |
|  | 2006 | $700 | $254 |
| Siegmund Shyu[4] | 2002 | $275 | $165 |
|  | 2003 | $355 | $168 |
|  | 2004 | $360 | $174 |
| Kristin Kellet[5] | 2002 | $215 | $144 |
|  | 2003 | $225 | $147 |
|  | 2004 | $260 | $152 |
|  | 2005 | $295 | $157 |
|  | 2006 | $360 | $162 |

As the chart demonstrates, the OSB benchmark rates are substantially lower than the rates claimed.

---

[2]   In 2002, Mr. Hsaio had 16 years of experience.

[3]   In 2003, Ms. Hufstedtler had 53 years of experience.

[4]   In 2002, Mr. Shyu had 4 years of experience.

[5]   In 2002, Ms. Kellet had 0 years of experience.

5 - OPINION AND ORDER

Plaintiff suggests, however, that this court use the hourly rates the arbitrator found to be reasonable in the Findings of Fact and Conclusions of Law issued January 29, 2002. For the three attorneys involved both then and now, those rates are as follows: Marc Blackman, $225 per hour; Peter Hsiao, $285 per hour; and Siegmund Shyu, $215 per hour. Extrapolating from those rates, plaintiff suggests reimbursement of $285 per hour for Morrison & Foerster partners, $215 per hour for Morrison & Foerster associates, and $225 per hour for Marc Blackman. With the exception of the hourly rate suggested for Mr. Blackman, I find the rates plaintiff proposes to be reasonable. With respect to Mr. Blackman, however, his billed rate was $325.00 per hour. His years of experience lie somewhere between Mr. Hsaio's and Ms. Hufstedtler's, and I find a reasonable hourly rate for Mr. Blackman's time to be equivalent to theirs, $285 per hour. Consequently, I will apply the following hourly rates:

| | |
|---|---|
| Marc Blackman | $285 per hour |
| Peter Hsaio | $285 per hour |
| Shirley Hufstedtler | $285 per hour |
| Siegmund Shyu | $215 per hour |
| Kristin Kellet | $215 per hour |

As mentioned, plaintiff has not challenged the number of hours claimed, except to point out that Mattel's submissions nowhere provide a summary of the number of hours spent by each attorney on the case. Plaintiff asserts that it "manually calculat[ed] these hours," and provides these totals:

| | |
|---|---|
| Marc Blackman | 129.7 hours |
| Peter Hsaio | 491 hours |

6 - OPINION AND ORDER

      Shirley Hufstedtler    48.25 hours

      Siegmund Shyu    1,497 hours

      Kristin Kellet    336.5 hours

Mattel has not disputed plaintiff's calculations. My independent review of Mr. Blackman's billing records, however, revealed several hours attributed to "KMM" -- but no further information is provided concerning this person. Consequently, I have deducted those hours, which reduces Mr. Blackman's hours from 129.7 to 112.4.

I otherwise find the total number of attorney hours expended in this litigation to be reasonable. Accordingly, based on the hourly rates and hours set forth above, I find the following attorney fee awards to be reasonable and appropriate:

      Marc Blackman    $32,034.00

      Peter Hsiao    $139,935.00

      Shirley Hufstedtler    $13,751.25

      Siegmund Shyu    $321,855.00

      <u>Kristin Kellet</u>    <u>$72,347.50</u>

          Total:    $579,922.75

B.    <u>Costs and Expenses</u>

Neither law firm submitted a proper cost bill; instead, each simply attached billing records, leaving it to the court to determine whether the listed items are recoverable and if so, in what amounts. In this manner, Ransom Blackman claims $4,054.44; Morrison & Foerster claims $45,636.23.

7 - OPINION AND ORDER

But for the fact that Mattel's claim for reimbursement of costs and expenses derives from the lease agreement between the parties and plaintiff has not objected to any of the costs, I would be inclined to order Mattel to revise the cost bills to eliminate any non-recoverable amounts and resubmit them in proper form. But because plaintiff does not object and, indeed, has not even addressed Mattel's request for costs and expenses, the need to bring this litigation to an end persuades me to approve the requested costs, reduced by ten percent to account for non-recoverable items included in the requests. Accordingly, I grant Ransom Blackman's request for costs and expenses in the total sum of $3,649.00; I grant Morrison & Foerster's request for costs and expenses in the total sum of $41,072.61.

## CONCLUSION

Mattel's motion (# 182) for attorney fees, costs, and expenses is granted in the following sums: Mattel is awarded $441,545.58 for attorney fees, costs and expenses incurred from December 30, 1999, through January 11, 2002; $133,000 for the clean up costs Mattel paid; $32,034.00 in attorney fees and $3649.00 in costs and expenses for services rendered by Ransom Blackman from January 12, 2002, through December 30, 2006; and $579,922.75 in attorney fees

and $41,072.61 in costs and expenses for services rendered by Morrison & Foerster from January 12, 2002, through December 30, 2006.[6]

    IT IS SO ORDERED.

    DATED this 26th day of February, 2007.

                                      /s/ Robert E. Jones
                                      ROBERT E. JONES
                                      U.S. District Judge

---

[6] Mattel also asks this court to take judicial notice of an order entered by the Ninth Circuit Court of Appeals on November 30, 2006.  See Declaration of Peter Hsaio, Exhibit B. Mattel does not provide a cogent explanation of the reason for the request, but I can and therefore will take judicial notice that the order exists.

9 - OPINION AND ORDER